Coös, }
June, 1895. }

DUNN v. MERRIMACK COUNTY ODD FELLOWS' MUTUAL RELIEF ASSOCIATION.

An insurance association's receipt of assessments, in justifiable ignorance of the fact that the insured had forfeited his membership, does not estop it to insist upon the forfeiture.

ASSUMPSIT. Facts found by a referee. The plaintiff is the widow of John Dunn, who was admitted to membership in the defendant association, December 28, 1882. In his application for admission he agreed " to abide by the laws, rules, and regulations of the association now in force or that may be hereafter made." The certificate of membership provided that he " is a member " of the association and he " is entitled to all the privileges and benefits thereof so long as he complies with the by-laws as now made, and such as may hereafter be made, and no longer." The by-laws provided that, " to retain membership in this association, the member must retain membership in good standing in his lodge," and that " should a member be suspended or expelled from his lodge, his membership immediately ceases in this association; nor is the association bound to his widow . . . for any pecuniary benefit." At the time of his admission Dunn was a member of a lodge in Gorham. February 16, 1884, he was suspended from membership in that lodge. He then resided in Connecticut. After his suspension he paid to the association all the assessments that were made until his death, November 20, 1886. These assessments amounted to $28, which the association received in ignorance of the fact that Dunn had been suspended from his lodge. Upon learning that fact, they sent to the plaintiff a draft for $28, which was returned. The insurance feature of the association is entirely distinct from the business of the lodges. The insurance was made payable to the plaintiff, who is entitled to recover $1,000 and interest, if the action can be maintained.

*Daley & Goss* and *Ladd & Fletcher*, for the plaintiff.

*William L. Foster*, for the defendants.

*Per Curiam.*[*]    By the terms of the contract, the liability assumed by the association was terminated when Dunn was suspended from his lodge.    It does not appear that it was the duty of the association to keep informed of the suspension of members from their respective lodges, or that their ignorance of Dunn's suspension was due to any fault on their part.    Hence their receipt of the assessments from him, who had full knowledge of the fact of his suspension, does not estop them to insist upon the terms of the contract.    There is no ground on which the action can be maintained.    When the association deposits $28 with the clerk of court for Dunn's administrator, there will be

*Judgment for the defendants.*

All concurred.